UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL CUROLE AND SUSAN CUROLE | * | CIVIL ACTION |
| VERSUS | * | NO: 06-8539 |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, ET AL | * | SECTION: "D"(5) |

**ORDER AND REASONS**

Before the court is the **"Motion to Dismiss or, Alternatively, Motion for Summary Judgment"** filed by the United States of America, the Federal Emergency Management Agency, and the National Flood Insurance Program ("FEMA"). Plaintiffs, Michael Curole and Susan Curole, filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 14, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

**I.  Background**

In this Katrina-related lawsuit, Plaintiffs claim that their home located in Grand Isle, Louisiana, was a total loss due to wind and flood damage from Hurricane Katrina. Plaintiffs sue their

alleged homeowner's insurer (Louisiana Citizens Property Insurance Corporation) for failing to pay the entire amount of Plaintiffs' claim for damages allegedly caused by hurricane-related wind. Plaintiffs also sue FEMA alleging that:

> 28.
>
> the NATIONAL FLOOD INSURANCE PROGRAM provided them a policy of flood insurance, which was in effect at all times pertinent, providing for coverage of $84,700.00 for any loss ... to the structure in Grand Isle due to the peril of flood/water as set forth in its policy. **The NATIONAL FLOOD INSURANCE PROGRAM, through the appropriate entity of FEMA, has adjusted its portion of the claim and paid petitioners for coverage afforded them under the terms of its policy.**
>
> 29.
>
> In the event it should be determined that any damages sought from LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION are not due to perils covered by its policy nor payable under the Value Policy Law of Louisiana, but due to flooding or water damage as set forth in the policy form the NATIONAL FLOOD INSURANCE PROGRAM, petitioners are entitled to recover [from] this second defendant such amounts as it owes per the coverage afforded.
>
> 30.
>
> If additional damages are determined to have been caused by the peril of flood or water as set forth in the flood insurance policy beyond what has been paid by this defendant, petitioners are entitled to recover [from] it the additional amounts which are owed them.

(*See* Petition for Damages, ¶¶ 28-29).[1]

It is undisputed that Plaintiffs purchased their Standard Flood Insurance Policy (SFIP) directly from FEMA, with building coverage in the amount of $84,700 with a deductible of $1,000. Further, FEMA assigned Plaintiffs' Katrina-related flood claim to an independent adjuster, Michael Bell of Buzzelli Adjusting Services, Inc. Bell determined that there was $44,081.39 worth of damage caused by flood, and that after depreciation and the deductible, the insured portion of the claim was $38,069.88. (*See* Docs. Nos. 10-6 & 10-7). Bell also executed a "Proof of Loss" showing the net amount claimed as $38,069.88, but this form was not signed by the Plaintiffs. (*See* Doc. No. 10-6). On or about December 22, 2005, FEMA issued Plaintiffs a check in the amount of $38,069.88. (*See* Doc. No. 10-9). It is unclear from the record if Plaintiffs actually cashed this check.

On or about August 28, 2006, Plaintiff Michael Curole signed a FEMA "Proof of Loss" form claiming $84,000 in flood damages, and this Proof of Loss was notarized. (*See* Doc. No. 10-10). On or about August 31, 2006, FEMA rejected Plaintiff's Proof of Loss "because [Plaintiff] did not send [FEMA] any documentation to support paying the requested amount." (*See* Doc. No. 10-11). FEMA

---

[1] Plaintiffs initially filed their suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on August 28, 2006, and FEMA removed the matter to this court on October 18, 2006.

also quoted Article VII, Clause J(3-4) of Plaintiffs' flood policy and advised Plaintiffs:

> In order to consider additional payment you need to send us documentation in the form of receipts, invoices, and/or cancelled checks for the covered flood damage that have been made to the property. Unfortunately we have not received any such documentation. We would also accept copies of the checks front and back in order to document that the repairs cost more than the amount allowed.

(*Id.*).

In the instant **"Motion to Dismiss or, Alternatively, Motion for Summary Judgment,"** FEMA argues that Plaintiffs' claims against FEMA should be dismissed because Plaintiffs failed to comply with the requirements of their Standard Flood Insurance Policy (SFIP) and they cannot show a waiver of sovereign immunity allowing their suit. However, Plaintiffs contend that there are genuine issues of material fact.

## II.  Legal Analysis

Plaintiffs' Standard Flood Insurance Policy (SFIP) was issued through the National Flood Insurance Program (NFIP) pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §4001, *et seq.* Congress granted FEMA authority to define and limit the nature and scope of coverage provided under the SFIP:

> The Director [of FEMA] shall from time to time ... provide by regulation for general terms and conditions of insurability which shall be

>    applicable to properties eligible for flood insurance coverage under section 4012 of this title ...

42 U.S.C. §4013(a).

FEMA, acting within its statutory rule-making authority, has established the "Requirements in Case Of Loss" in 44 C.F.R. Pt. 61, App. A(1):

>    J. Requirements in Case Of Loss
>
>    In case of a flood loss to insured property, you must:
>
>    1.   Give prompt written notice to us;
>
>    2.   As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
>
>    3.   Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. **Attach all bills, receipts, *and related documents*;**
>
>    4.   Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the

---

[2] FEMA represents in its memorandum:

>    After Hurricane Katrina, the Federal Insurance Administrator made a limited express written waiver of the proof of loss requirement allowing payment of undisputed claims. However, the Administrator preserved the proof of loss requirement for disputed claims and extended the time for filing proofs of loss for insureds who disagreed with their loss adjustment from 60 days to up to a year after the date of loss.

(FEMA's Memo., Doc. No. 10-2, pp. 7-8).

       policy signed and sworn to by you, and which furnishes us with the following information:

       a.   The date and time of loss;

       b.   A brief explanation of how the loss happened;

       c.   Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

       d.   Details of any other insurance that may cover the loss;

       e.   Changes in title or occupancy of the covered property during the term of the policy;

       f.   Specifications of damaged buildings and detailed repair estimates;

       g.   Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

       h.   Details about who occupied any insured building at the time of loss and for what purpose; and

       I.   The inventory of damaged personal property described in J.3. above.

**5.   In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.**

44 C.F.R. Pt. 61, App. A(1)(West 2007)(emphasis and italics added).

    In this case, on August 28, 2006, Plaintiffs submitted to FEMA

their Proof of Loss, using a form provided by FEMA.[3] (*See* Doc. No. 10-10). However, FEMA argues that Plaintiffs did not comply with the proof of loss requirement because Plaintiffs "did not provide specifics of the damaged and detailed repair estimates." (FEMA's Memo., Doc. 10-2, p. 12). FEMA's rejection letter stated that it required Plaintiffs to send FEMA "documentation in the form of receipts, invoices, and/or cancelled checks for the covered flood damage that have been made to the property." (*See* Doc. No. 10-11).

Plaintiffs respond that their home "was so severely damaged by Hurricane Katrina that it is beyond repair and a total loss." (Plaintiffs' Opp., Doc. No. 16, p. 2). And that this loss is documented by photographs they submitted to FEMA's adjuster who handled the claim, as well as by the photographs taken by FEMA's adjuster. (*Id.*). Plaintiffs represent that they "had no receipts, invoices, and/or cancelled checks to provide [as] additional documentation" because their home was totaled. (*Id.* at p. 4).

Under 42 U.S.C. §4072,

> upon the disallowance by the Director of any [claim for proved and approved losses covered by flood insurance], or upon the refusal of the claimant to accept the amount allowed by any such claim, the claimant, within one year

---

[3] As previously noted, FEMA represents that the Administrator "extended the time for filing proofs of loss for insureds who disagreed with their loss adjustment from 60 days to up to a year after the date of loss." (*See* fn. 2, *supra*). Hurricane Katrina made landfall on August 29, 2005. Thus, Plaintiffs' timely filed their proof of loss on August 28, 2006.

7

> after the mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property ... shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. §4072.

Here, it is undisputed that Plaintiffs' claim was disallowed, and this suit was timely filed, albeit in state court. FEMA removed the matter to this court stating in part that "because 42 U.S.C. §4072 confers original exclusive jurisdiction on federal courts to entertain claims regarding suits against FEMA for claims on flood policies, this case can be removed pursuant to 28 U.S.C. §1441(a)." *See* Notice of Removal, ¶III. Thus, the court has jurisdiction over this matter. *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1983).

While FEMA has styled its instant motion as a "Motion to Dismiss or, Alternatively, Motion for Summary Judgment," the court concludes that FEMA's "jurisdictional" challenge under its Rule 12(b)(1) motion is inseparable from the merits of the legal issue, that is, whether Plaintiffs' failure to provide with their Proof of Loss "documentation in the form of receipts, invoices, and/or cancelled checks for the covered flood damage that have been made

8

to the property" precludes recovery on their SFIP policy. *Id.* Thus, the court considers FEMA's motion only as a motion for summary judgment, which gives "a greater level of protection to the plaintiff[s] who in truth [are] facing a challenge to the validity of [their claim." *Id.*

The court concludes that under the circumstances presented by this case, and considering Clause J(3) and Clause J(5) of "Requirements in Case Of Loss" set forth in 44 C.F.R. Pt. 61, App. A(1),[4] there is a genuine issue of material fact as to whether Plaintiffs have complied with the proof of loss requirement with the photographs Plaintiffs submitted to FEMA and the photographs taken by FEMA's adjuster, *or stated differently*, whether Plaintiffs failed to comply with the proof of loss requirement because they did not provide FEMA with "documentation in the form of receipts, invoices, and/or cancelled checks for the covered flood damage that have been made to the property." *Compare S.A. Burns v. FEMA*, 84 F.Supp.2d 839 (S.D. Tex. 2000)(FEMA failed to show there is any duty imposed on an insured under the SFIP to send FEMA "bills, receipts, and related documents" absent a written request to do so, and even if such a requirement was imposed, issues of fact existed

---

[4] Under Clause J(3), were the photographs submitted by Plaintiffs and the photographs taken by FEMA's adjuster "related documents"? Under Clause J(5), did Plaintiffs "use [their] own judgment concerning the amount of loss and justify that amount" by their photographs and FEMA's photographs?

9

as to whether insured had complied with the requirement).

Plaintiffs have attached to their opposition memorandum the "Property Inspection Report" prepared by Coastal Claims Services, and Plaintiffs submit that it "now supports the Proof of Loss submitted to FEMA showing it economically unfeasible to attempt repair of the structure." (*See* Plaintiffs' Opp. at 4-5, and Report by Coastal Claims Services, Doc. No. 16-6). However, the court finds that Plaintiffs' submission of this report at this late date is untimely under the procedural requirements for filing a claim under Plaintiffs' SFIP, which the court must strictly construe and enforce.[5]  *See Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998)(because plaintiffs failed to file a formal proof of loss within 60 days after loss, the federal insurer's obligation to pay what otherwise might be a valid claim was relieved); and *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998)(because plaintiffs' Proof of Loss, even if timely filed, was inadequate and plaintiffs failed to provide any sworn information whereby FEMA could evaluate the merits of their claim, plaintiffs failed to raise any genuine issues of material fact foreclosing judgment as a matter of law).

While the court finds that the Report by Coastal Claims

---

[5] Again, according to FEMA, Plaintiffs in this case had until August 28, 2006 to file their proof of loss, which they did. But the Report by Coastal Claims Services was not prepared at that time, and apparently did not surface until Plaintiffs filed their opposition memorandum.

Services cannot be considered in supporting the Plaintiffs' Proof of Loss submitted to FEMA, nothing herein should be construed as a determination by the court as to the relevance or admissibility of this report when the merits of Plaintiffs' claim is tried.

Finally, FEMA argues that the Plaintiffs' request for a jury trial should be denied.  The court agrees that Plaintiffs have no right to a jury trial on their claims against FEMA, because such claims are against the Federal Government.  However, whether or not Plaintiffs have a right to a jury trial on their claims against Louisiana Citizens Property Insurance Corporation is not before the court.

Accordingly;

**IT IS ORDERED** that FEMA's **Rule 12(b)(1) and Rule 12(b)(6) Motions** be and are hereby **DENIED**, and FEMA's **Motion for Summary Judgment** be and is hereby **DENIED** because there are genuine issues of material fact; and

**IT IS FURTHER ORDERED** that FEMA's Motion requesting that the court strike Plaintiffs' request for a jury trial on their claims against FEMA be and is hereby **GRANTED.**

New Orleans, Louisiana, this **23rd** day of **February**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

11

12